UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID TYRONE HILL, | ) | CASE NO. 1:06 CV 379 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WILLIAM A MASON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 17, 2006, plaintiff pro se David Tyrone Hill filed the above-captioned action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor William A. Mason, Kenneth Kochevar, Twilla Wilson, Brian William, Joseph Corrangan, ATF Officer Rosario, Cleveland Police Officer Jeffrey Weaver, Cleveland Police Officer Richard Durst, Assistant Cuyahoga County Prosecutor Perry Kendall, ATF Officer Tomley, Cuyahoga County Corrections Center CPL. Brian Williams, Cuyahoga County Corrections Center CPL Harris, Cuyahoga County Corrections Center CPL Moore, and Toledo Correctional Institution Warden Kelleh Konteh. In the complaint, plaintiff alleges he has been physically assaulted by corrections officers and has been denied appropriate medical treatment while awaiting trial. He seeks an award of monetary damages, expungement of all disciplinary convictions, an indefinite stay of his criminal case, stay of his habeas corpus

proceedings, and an order for prison staff to video tape the plaintiff during all cell extractions.

## *Background*

Mr. Hill claims he was assaulted by Cleveland Police Officers Jeffrey Weaver and Richard Durst on October 29, 2002. He states he was "rearrested under false pretenses and charged with trumped up infamous crimes that were based on unlawful police practices." (Compl. at 3.) He contends he was indicted by the grand jury "for crimes he was never charged cause [sic] in actuality the prosecution was secretly detaining plaintiff on an unrelated murder charge that was dismissed years ago." (Compl. at 4.) He states that "officers of the court take [sic] photos of the actual crime scene, then stamped the indictment but they only took half of it." (Compl. at 4.) He indicates that ATF Officer Rosario took his legal work before his trial on August 25, 2003.

It appears that Mr. Hill was convicted on at least some of the charges. He claims, without explanation, that he was brought back to the Cuyahoga County Corrections Center for a re-sentencing hearing and a post conviction hearing on April 14, 2004. He alleges that on April 14, 2004, Brian Williams came into his cell and assaulted him. He indicates the injuries he sustained necessitated the use of a wheel chair. Mr. Hill was brought back to the Cuyahoga County Corrections Center once again for re-sentencing on May 6, 2005. He states he was placed in non-wheelchair accessible facilities. He contends that when he protested "Cpl Harris and Cpl Moore et al. beat plaintiff again." (Compl. at 4.)

At some point, Mr. Hill was transferred to the Toledo Correctional Institution. He states that on November 28, 2005, medical staff at the Toledo Correction Institution forced him to use a walker when it required skills beyond his capabilities. He indicates that after fifteen minutes, he was unable to continue to use the walker and was placed in punitive segregation. He claims

"various guards keep handcuffing him with 1 inch cuffs and telling the Rules Infraction Board Judge that he is refusing to return to the general population." (Compl. at 5.) He contends he uses the lower bar supports on the walker so he can get around on his knees. He believes with physical therapy, he can regain sufficient strength in his legs to properly use the walker. He states that Warden Kelleh Konteh is deliberately indifferent to the actions of his staff. Mr. Hill asserts that he is being subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

Finally, Mr. Hill objects to several conditions of confinement in the Toledo Correctional Institution. He indicates that all of the library books are hard bound editions which are prohibited in segregation. He further states that the mailroom staff give him "post date mail 7 days late without receipt of record." (Compl. at 5.) He claims the envelopes on incoming mail were cut with razor blades thereby rendering them superfluous for recycling them for legal mail.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

As an initial matter, Mr. Hill's claims which pertain to his arrest on October 29, 2002, and the claim against ATF Officer Rosario are time barred. Ohio's two year statute of limitations for bodily injury applies to claims asserted under 42 U.S.C. §1983. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in these claims took place between October 2002 and August 25, 2003. This action was filed on February 17, 2006, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing these claims to go forward in view of the fact that they are clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

### *Exhaustion of Administrative Remedies*

Mr. Hill's remaining claims are not time barred, but nevertheless must be dismissed. A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their

4

outcomes.  Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).  Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint.  Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05.  In the absence of such particularized averments concerning exhaustion, the action must be dismissed.  Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance.  OHIO ADMIN. CODE § 5120-9-31(J)(1).  If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector.  OHIO ADMIN. CODE § 5120-9-31(J)(2).  If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector.  OHIO ADMIN. CODE § 5120-9-31(J)(3).  The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector.  OHIO ADMIN. CODE § 5120-9-31(L).  The decision of the Chief Inspector or designee is final.  OHIO ADMIN. CODE § 5120-9-31(L).  The Cuyahoga County Corrections may also have a grievance procedure which Mr. Hill must exhaust prior to filing an action in federal court.

Mr. Hill has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances nor has he included specific allegations of exhaustion in his pleading. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

## *Conclusion*

Accordingly, Mr. Hill's claims against Officer Weaver and Officer Durst pertaining to his arrest, and his claim against Officer Rosario are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). His remaining claims are dismissed without prejudice pursuant to 42 U.S.C. § 1997e. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2006

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.